# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| CARL DAVID BRIGHT,<br><br>    Petitioner,<br><br>vs.<br><br>JERRY BURT,<br><br>    Respondent. | No. C09-0043-LRR<br><br>INITIAL REVIEW ORDER |

## *I. INTRODUCTION*

This matter is before the court on the petitioner's application for a writ of habeas corpus. The petitioner filed such application on March 18, 2009. The petitioner paid the statutory filing fee. *See* 28 U.S.C. § 1914.

## *II. BACKGROUND*

Based on the record submitted by the petitioner and the opinion in *Bright v. State*, 2008 Iowa App. LEXIS 144 (Iowa Ct. App. 2008), the facts are as follows:

In the Iowa District Court for Linn County, the petitioner was convicted of three counts of attempted murder, in violation of Iowa Code section 707.11. *See State v. Bright*, No. FECR001175 (Linn County Dist. Ct. 1994).[1]  In August of 1994, the Iowa District

---

[1] Iowa state court criminal and civil records may be accessed at the following address: http://www.judicial.state.ia.us/Online_Court_Services/.  *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

Court for Linn County sentenced the petitioner to 75 years of imprisonment. In 1996, procedendo issued.

On March 3, 2006, the Iowa Board of Parole ("the Board") granted the petitioner parole without him appearing before it. The Board considered the petitioner's circumstances and executed a parole order and agreement after concluding that he should be paroled to a federal detainer to serve a federal sentence of 151 months imprisonment. On March 13, 2006, the petitioner received the Board's parole order and agreement from his prison counselor. The petitioner signed such document on the same date. Among other things, the parole order and agreement stated that the Board "may rescind [the petitioner's] parole prior to [his] release if institutional misconduct or adverse information not previously considered is brought to the attention of the Board." The petitioner also received parole instructions. The parole instructions and parole order and agreement informed the petitioner that he would be released to the custody of the United States Marshal. The petitioner signed the parole order and agreement.

On March 13 or 14, 2006, officials of the Iowa Department of Corrections informed the Board that the information pertaining to the petitioner's federal sentence was incorrect. Rather than a term of 151 months imprisonment, the petitioner was required to serve a term of only 22 months imprisonment.

On March 14, 2006 or the following day, the Board, without providing the petitioner with notice or a hearing, entered an order which rescinded the petitioner's parole. It rescinded the petitioner's parole because it made a mistake, that is, relied on incorrect information concerning the petitioner's federal sentence. Approximately two or three days after receiving the parole order and agreement, the petitioner's prison counselor gave him a notification from the Board. Such notification informed the petitioner that the Board made a decision to rescind his parole. Regarding its decision, the Board stated that, in light of the seriousness of the crimes committed by the petitioner, it believed parole to a federal detainer would not be in the best interest of society.

On May 12, 2006, the petitioner filed an application for post-conviction relief. *See Bright v. State*, No. PCCV054837 (Linn County Dist. Ct. 2007). The petitioner asserted that the Board should have held a hearing before it rescinded his parole. In response, the State of Iowa claimed that the Board need not hold a hearing before it rescinds parole if new information or evidence reveals that parole is not warranted. On March 26, 2007, the Iowa District Court for Linn County denied the petitioner's application for post-conviction relief. Before denying the petitioner's application for post-conviction relief, the Iowa District Court for Linn County discussed application of Iowa Code section 908.1 and cited *Jago v. Van Curen*, 454 U.S. 14, 17, 102 S. Ct. 31, 70 L. Ed. 2d 13 (1981), for the proposition that, because there is no protected liberty interest in a parole date, rescission of parole does not give rise to due process protections.

On April 5, 2007, the petitioner appealed. On March 14, 2008, the Iowa Court of Appeals affirmed. *See Bright v. State*, 2008 Iowa App. LEXIS 144 (Iowa Ct. App. 2008). Before affirming, the Iowa Court of Appeals reviewed the petitioner's claim that the rescission of his parole without a hearing violated his due process rights under the Fourteenth Amendment and concluded that, under Iowa law and the facts presented, the Supreme Court's decision in *Jago*, 454 U.S. at 14, disposed of the petitioner's claim.

On March 25, 2008, the Iowa Court of Appeals permitted appointed counsel to withdraw. On March 26, 2008, the petitioner filed an application for appointment of counsel. On March 31, 2008, the petitioner filed a motion to enlarge the time to file an application for further review. On April 1, 2008, the Iowa Court of Appeals denied the petitioner's application for appointment of counsel and motion to enlarge the time to file an application for further review. On April 11, 2008, procedendo issued. On May 7, 2008, the petitioner filed an application for further review. On May 20, 2008, the Iowa Supreme Court denied the petitioner's application for further review for lack of jurisdiction. On June 2, 2008, the petitioner filed a motion to reconsider. On June 5, 2008, the Iowa Supreme Court informed the petitioner that it lacked jurisdiction to

3

consider any further motions and that the petitioner's appeal was final. Although the petitioner submitted additional documents, a Deputy Clerk of the Iowa Supreme Court let the petitioner know that no consideration would be given to any further motions in light of the Iowa Supreme Court's order dated June 5, 2008.

On March 18, 2009, the petitioner filed the instant application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In such application, the petitioner essentially argues that the Iowa courts erred when they concluded he was not constitutionally entitled to a hearing before the Board rescinded his parole to a federal detainer.[2] The court now turns to consider the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### III. DISCUSSION

#### A. Initial Review Standard

Rule 4 of the Rules Governing Section 2254 Cases provides that the court shall conduct an initial review of the application for habeas corpus and summarily dismiss it, order a response, or "take such action as the judge deems appropriate." *See* Rule 4, Rules Governing Section 2254 Cases. The court may summarily dismiss an application without ordering a response if it plainly appears from the face of the application and its exhibits that the petitioner is not entitled to relief. *See id.*; 28 U.S.C. § 2243; *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). For the reasons set forth below, summary dismissal is appropriate in this case.

#### B. Exhaustion

A petitioner, before obtaining federal habeas corpus review of his or her state confinement, must first "exhaust" his or her federal claims in the appropriate state forum.

---

[2] The court need not consider the petitioner's breach of contract claim that is based on state law. *See Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991) (habeas application was properly dismissed for failing to allege constitutional claim where petitioner alleged that the state failed to credit him with presentence jail time purportedly required by state statute).

4

28 U.S.C. § 2254(b)(1).[3] A petitioner has exhausted his or her state remedies when he or she has provided the highest state court with a full and fair opportunity to consider all the claims before presenting them to the federal court. *Vasquez v. Hillery*, 474 U.S. 254, 257, 106 S. Ct. 617, 88 L. Ed. 2d 598 (1986); *Anderson v. Harless*, 459 U.S. 4, 6, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982); *Picard v. Connor*, 404 U.S. 270, 276, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); *Miller v. Lock*, 108 F.3d 868, 871 (8th Cir. 1997); *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993); *McDougald v. Lockhart*, 942 F.2d 508, 510 (8th Cir. 1991); *see also* 28 U.S.C. § 2254(c).[4] In Iowa, exhaustion requires a petitioner to seek discretionary review from the Iowa Supreme Court after the Iowa Court of Appeals rejects an appellate argument. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999) (concluding that the exhaustion doctrine requires a petitioner to seek discretionary review when that review is part of the ordinary appellate review procedure) (abrogating *Dolny v. Erickson*, 32 F.3d 381 (8th Cir. 1994)); *see also Baldwin*

---

[3] Title 28, United States Code, section 2254(b)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
> (A) the applicant has exhausted the remedies available in the courts of the State, or
> (B) (i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

[4] Title 28, United States Code, section 2254(c) provides:

> An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(c).

*v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004) (reiterating that a petitioner "must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim").

The fair presentment component of the exhaustion requirement compels a petitioner to affirmatively:

> refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.

*Ashker*, 5 F.3d at 1179 (quotations and citations omitted); *accord Thomas v. Wyrick*, 622 F.2d 411, 413 (8th Cir. 1980). A claim is not fairly presented to the state courts unless the same factual grounds and legal theories asserted in the prisoner's federal habeas corpus application have been properly raised in the prisoner's state court proceedings. *Keithley v. Hopkins*, 43 F.3d 1216, 1217 (8th Cir. 1995); *Flieger v. Delo*, 16 F.3d 878, 884 (8th Cir. 1994); *see also Keeney v. Tamayo-Reyes*, 504 U.S. 1, 8, 112 S. Ct. 1715, 118 L. Ed. 2d 318 (1992) (full and fair presentment of claims to the state court requires "full factual development" of the claims in that forum); *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999) ("Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement.").

"The purpose of the fair presentation component of the exhaustion requirement is to give state courts the first opportunity to review federal constitutional issues and to correct federal errors made by the state's trial courts." *Laws v. Armontrout*, 834 F.2d 1401, 1412 (8th Cir. 1987); *see also Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam) (same). A "petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of the opportunity to address those claims in the first instance." *Clay v. Norris*, 485 F.3d 1037, 1039 (8th Cir. 2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 732, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991)).

The failure to exhaust a claim in state court sometimes implicates the independent and adequate state ground doctrine. *See Gray v. Netherland*, 518 U.S. 152, 161, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996); *Coleman*, 501 U.S. at 732. Specifically, the Supreme Court explained:

> 28 U.S.C. § 2254(b) bars the granting of habeas corpus relief "unless it appears that the [petitioner] has exhausted the remedies available in the courts of the State." Because "this requirement . . . refers only to remedies available at the time of the federal [application for a writ of habeas corpus]," *Engle v. Isaac*, 456 U.S. 107, 126, n.28, [102 S. Ct. 1558, 71 L. Ed. 2d 783] (1982), it is satisfied "if it is clear that [the petitioner's] claims are now procedurally barred under [state] law," *Castille v. Peoples*, 489 U.S. 346, 351, [109 S. Ct. 1056, 103 L. Ed. 2d 380] (1989). However, the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence[ and, thus,] prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default. *Teague v. Lane*, [489 U.S. 288, 298, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989)]; *Isaac*, [456 U.S.] at 126, n.28, 129; *Wainwright v. Sykes*, 433 U.S. 72, 90-91, [97 S. Ct. 2497, 53 L. Ed. 2d 594] (1977).

*Gray*, 518 U.S. at 161-62. Apart from showing good cause for his or her failure to present the claims in state court and actual prejudice as a result of the alleged constitutional violation, a petitioner may have a procedurally defaulted claim reviewed if he or she can demonstrate that failure to review the claim would result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2002); *Hatcher v. Hopkins*, 256 F.3d 761, 763 (8th Cir. 2001); *Keithley*, 43 F.3d at 1218; *Maynard v. Lockhart*, 981 F.2d 981, 984 (8th Cir. 1992); *Buckley v. Lockhart*, 892 F.2d 715, 718 (8th Cir. 1989).

Here, the petitioner is attempting to challenge the rescission of his parole on due process grounds. The record, however, establishes that the petitioner failed to seek discretionary review from the Iowa Supreme Court after the Iowa Court of Appeals

rejected his appellate argument. The petitioner's statements make clear that he did not submit his application for further review in a timely manner and the Iowa Supreme Court lacked jurisdiction to consider his claim. Given the record and the petitioner's statements, the court finds that the petitioner failed to adequately present his claims to the state courts as he is required to do if he seeks habeas corpus relief. *See* 28 U.S.C. § 2254(b)(1)(A); *Carmichael v. White*, 163 F.3d 1044, 1045-46 (8th Cir. 1998).[5]

In light of the court's conclusion that the petitioner failed to properly exhaust his remedies in the Iowa courts, it is necessary to consider whether Iowa law prevents the petitioner from raising his claim in state court. *See Wemark v. Iowa*, 322 F.3d 1018, 1022 (8th Cir. 2003).

> Iowa law requires post-conviction applicants to raise all available grounds for relief in their original, supplemental, or amended applications. Iowa Code § 822.8 (1994). "Any ground [finally adjudicated or] not raised . . . may not be the basis for a subsequent application" unless the court finds "sufficient reason" to justify omission. *Id*.

*Id*. In addition, a three-year statute of limitation applies to individuals who seek to file an application for post-conviction relief. *Id*. at 1022 n.3 (citing Iowa Code § 822.3 (1994)). Given the law in Iowa, the petitioner is precluded from asserting a due process claim that is based on the rescission of his parole. Consequently, the petitioner's instant claim is procedurally defaulted. Further, the court is unable to review the procedurally defaulted claim because the petitioner: (1) failed to demonstrate good cause for his failure to present it in state court and actual prejudice as a result of the alleged constitutional violation; and (2) failed to demonstrate that the failure to review it would result in a fundamental

---

[5] Although the petitioner complains about the attorneys who represented him during post-conviction relief proceedings, the court notes that the "ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings [is not] a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2255(i).

miscarriage of justice. *See Coleman*, 501 U.S. at 750. Because it is clear that the petitioner did not exhaust his claims and it is clear that the petitioner's claim is procedurally defaulted, it is appropriate to summarily dismiss the application for a writ of habeas corpus under Rule 4 of the Rules Governing Section 2254 Cases.

### *C. Merits of Claim Concerning Recision of Parole*

Alternatively, regarding the claim of error by the Iowa District Court for Linn County and the Iowa Court of Appeals, the court finds that relief under 28 U.S.C. § 2254(d)(1) is not warranted.

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979); *see also Stewart v. Davies*, 954 F.2d 515, 516 (8th Cir. 1992) (concluding Iowa inmate has no constitutionally protected liberty interest in the possibility of parole). While the petitioner may have an expectation that he may someday be released or paroled, the natural desire to be released is in no way different from the initial resistance to be confined. *Greenholtz*, 442 U.S. at 7. Once a valid conviction has been entered, the petitioner has been constitutionally deprived of his liberty right to be conditionally released before the expiration of his sentence. *Id*. And,

> there is a "critical" difference between denial of a prisoner's request for initial release on parole and revocation of a parolee's conditional liberty.

*Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464, 101 S. Ct. 2460, 69 L. Ed. 2d 158 (1981) (citing *Greenholtz*, 442 U.S. at 9-11).

Here, it is clear that Iowa law does not create a liberty interest because the parole of prisoners falls within the unfettered discretion of the Board. *See Bright v. State*, 2008 Iowa App. LEXIS 144 (Iowa Ct. App. 2008) (citing Iowa Code § 906.3, Iowa Code § 906.4, *Doe v. State*, 688 N.W.2d 265, 271 (Iowa 2004), and *State v. Remmers*, 259 N.W.2d 779, 783 (Iowa 1977)). It is also clear that the Board rescinded the petitioner's

parole before they released him to a federal detainer. Consequently, the reasoning of *Jago* is controlling. *See Jago*,, 454 U.S. at 17-21 (reaffirming that there is no liberty interest in the parole setting and concluding that rescission of parole without a hearing does not violate a prisoner's due process rights).

In sum, the petitioner asserts nothing in the instant application for a writ of habeas corpus that warrants relief under 28 U.S.C. § 2254(d)(1); adjudication of the petitioner's due process claim in the courts of Iowa did not result in a decision that was contrary to, or involved an unreasonable application of, clear established Federal law, as determined by the Supreme Court. Accordingly, the petitioner's action shall be dismissed summarily under Rule 4 of the Rules Governing Section 2254 Cases.

### D. *Certificate of Appealability*

In a habeas proceeding before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may only issue if a petitioner has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [petitioner must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds the petitioner failed to make the requisite "substantial showing" with respect to the claims he raised in his application pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because there is no debatable question as to the resolution of this case, an appeal is not warranted. Accordingly, the court shall not grant a certificate of appealability pursuant to 28 U.S.C. § 2253.

If the petitioner desires further review of his 28 U.S.C. § 2254 application, he may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:
1) The petitioner's 28 U.S.C. § 2254 application (docket no. 1) is denied.

2) A certificate of appealability is denied.

**DATED** this 4th day of May, 2009.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA